## [No. 1838.]
## SMITH ET AL. v. SCHLINK, ADMINISTRATOR.

1. PRACTICE—PLEADING—AMENDMENT.

When an amended complaint is filed it takes the place of all prior pleading by the plaintiff and will alone be considered in determining whether or not a cause of action is stated. And where an amended complaint attempted to state a cause for quieting title and also alleged trespass and damage, and at the trial plaintiff withdrew all claim for damage, the complaint will be considered as though that part alleging a cause for damage had been stricken out.

2. PRACTICE—PLEADING—DEMURRER.

Where a demurrer is interposed to an answer it relates back to the complaint and if that pleading be substantially insufficient a judgment thereon cannot be sustained.

3. PRACTICE—JUDGMENTS—RES JUDICATA.

Where a decree is rendered adjudicating the title to property in a court of competent jurisdiction and in which the court acquired jurisdiction of the parties by service and by appearance and such decree is not appealed from or excepted to in the manner in which decrees may be attacked and within the time provided, such decree is *res judicata* as between the parties however erroneous it may be, and the title to the property cannot again be questioned by the parties thereto in any subsequent suit or proceeding.

4. QUIETING TITLE—PLEADING—POSSESSION BY TRESPASS.

A possession obtained by trespass is sufficient to support an action for quieting title, and unless the defendant set up some claim of title or adverse interest he cannot by a denial of the possession and title of the plaintiff raise an issue and force plaintiff to proof of his complaint in that particular.

5. QUIETING TITLE—PLEADING—ADVERSE CLAIM OF DEFENDANT.

In an action to quiet title the complaint to state a cause of action must allege that the defendant has or claims to have, or is asserting, a title or claim adverse to plaintiff. And the adverse claim asserted must be of an interest in the property and not merely with reference to the possession.

6. INJUNCTION—TRESPASS—PLEADING.

In an action to restrain the commission of a trespass upon property the complaint must allege facts showing the probability of irreparable injury. The wrongs complained of must be of a repeated and continuous character, and must occasion damages which cannot be estimated by any accurate standard and cannot be remedied in an action of law.

*Appeal from the District Court of Arapahoe County.*

Mr. HENRY B. O'REILLY, for appellants.

Messrs. STUART & MURRAY, for appellee.

BISSELL, P. J.

Whether we consider the interests of the public or the interests of the parties, we must regret our inability to affirm this judgment. The plaintiff has got nothing to which he might not be able to establish his title under proper conditions, and the defendants are prohibited nothing to which they have any apparent claim, yet the record does not warrant the judgment. A decree was entered which cannot be sustained on the bill. We shall dismiss all matters antecedent to the amended complaint. When it was filed it necessarily took the place of all prior pleading by the plaintiff and became the substitute for any which he had theretofore filed. For the purpose of the decision we shall consider it as we must take it after it was emasculated by the withdrawal at the hearing of all claim for damages, and in the light of the reservation then made of the right thereafter to litigate as to the alleged acts of the defendants. This voluntary act of the plaintiff requires us to look at the complaint as if it had been again amended by the striking out of all allegations whereon a cause of action sounding in damages could be predicated. We thereby have the right and the duty is laid on us to consider the sufficiency of the pleading thus viewed as a statement of a cause of action and as warranting the decree which was entered. These matters are sharply presented by the situation. The defendants answered. To the answer the plaintiff demurred. This demurrer was sustained. It is quite clear as we shall briefly suggest hereafter, the answer set up no defense unless it may possibly be to such part of the complaint as counted on the matters of trespass and damage. With those eliminated there was in law no is-

suable matter left in the complaint and no sufficient defensive plea left in the answer.    Thus practically we uphold the judgment sustaining this demurrer.    But we go further as we have the right and are compelled by the law to go, and carry the demurrer back to the complaint and when we find it insufficient in the statement of a cause of action, are compelled to reverse the case.    Unfortunately it will permit the continuance of the litigation over a claim which was originally a debt of less than $200, which has been heretofore on another appeal before this court, but will leave open only those matters expressly reserved by the judgment—the action for damages for the alleged wrongful acts and trespasses of the defendants.

To state the case made by the complaint: We shall summarize it in the briefest possible way consistent with clearness.    The plaintiff alleged the recovery of a judgment by Joseph P. Schlink against William H. Smith for $197.50, an appeal to the court of appeals, and an affirmance.    Pending the appeal Joseph died and Charles L. Schlink was appointed administrator.    On this judgment an execution was sued out and levied on certain property which was described.    Under the writ certain property was sold, part of it consisting of lots Nos. 29, 30, 31 and 32 Case & Ebert's Addition to the city of Denver.    The statute was observed, the plaintiff in the execution received the usual evidence of title and on the expiration of the period of redemption the sheriff made a deed for all this land and delivered it to the attorneys for the plaintiff.    With the matter of this delivery we are not concerned for the complaint proceeds that thereafter William H. Smith and Mary, his wife, began an action against the administrator and the sheriff to restrain the execution and delivery of any deed to the property.    The present complaint then sets up the history of that litigation, giving all the pleadings, the subsequent steps, and the ultimate decree.    Therefrom it appears Smith and his wife in that suit set up a cause of action substantially that these lots were a homestead, properly preserved as such by due proceedings under the statute and

an occupation. In that bill the plaintiff attacked the process and its legality, assailed the legality of the sale on divers grounds and prayed the abatement of the levy and general relief. An answer was filed taking issue on the various matters, alleging the regularity of the proceedings and setting up further, as affirmative matter, that so far as concerns lot No. 29, it was neither part nor parcel of the homestead, but was subject to levy and sale, and that by the procedure the administrator acquired title to at least that part of what was levied on. The case went to trial on those issues and resulted in a decree finding for the defendants as to lot No. 29, setting aside the acts of the sheriff with respect to the sale of lots No. 30, 31 and 32, inhibiting him from issuing or delivering a deed to those lots, and perpetually restraining him from making a conveyance of them, and setting whatever levy he had made aside, and holding it for naught, vesting the title in Smith free and clear of any cloud on it and ordering the dissolution of the injunction in so far as it affected lot No. 29; it was also ordered that the sheriff be restrained from issuing or delivering to the defendant Schlink his deed to lot No. 29 until a date named, and if at any time prior thereto the plaintiff should pay $280 to the administrator Schlink with interest, no conveyance of lot No. 29 should be made, and in default of payment depriving him of all right of redemption if he had any, and confirming the title which might pass to lot No. 29, by the sheriff's deed under this decree. The decree stood. No exception was taken to it and it was never appealed from, vacated, modified, or altered, nor was any application to that end made by any party to the suit. The plaintiff alleged that the period prescribed by the decree had expired and there had been no payment or tender of the $280. This is all that the amended complaint filed by Schlink in the present action contains respecting that suit. Just why these matters are stated does not clearly appear, nor are we able to see that the allegation is of any force or value, save as it applies or has reference to the claim for damages to which we shall hereafter refer. If the acts of trespass and damage are eliminated

the irrelevancy of this statement becomes apparent. It probably would be unobjectionable if the plaintiff had proceeded to establish his cause of action as to the trespass or trespasses, but not otherwise. We now come to the part of the complaint which was practically eliminated or withdrawn by the plaintiff at the time of the final decree. It is better for the purposes of clearness of statement and as practically relevant to the main part of our decision to here state a little out of its order what will sustain the court in its position, that the ultimate decree was unwarranted and the complaint insufficient as a statement of a cause of action. The defendants answered the complaint generally, and the plaintiff demurred, and at the time of the argument moved to dismiss all claims for damages. This application was held in abeyance until the decision of the issue of law raised by the demurrer. When the matter was finally considered by the court and it announced its conclusion, the court sustained the plaintiff's motion to dismiss all claims for damages, but the dismissal was without prejudice to any further prosecution of them. From this, it is quite apparent that what we shall now state respecting the contents of the complaint which we are compelled to narrate for the purposes of elucidating our conclusion, were entirely stricken out of the pleading. Proceeding: after the allegations respecting this antecedent litigation the plaintiff stated that after the execution and delivery of the sheriff's deed to lot No. 29, he took possession with the intent to fix it up and rent it and produce an income, but being without means simply fastened up the house and looked after it from time to time. The plaintiff then proceeds to allege that after the delivery of the deed, the defendants commenced to harrass and annoy him by circulating reports decrying his title, and insisting that Schlink had no right to rent or sell it, thus driving away purchasers. That after the plaintiff had taken possession the defendants secretly entered it and put in a tenant who occupied one room, thereby attempting to maintain a *quasi* possession. He then states that he attempted to sell the property to one or two, that he did sell it, but when

he went to deliver possession found this tenant occupying one room; the plaintiff then alleged that he took possession of the house by his agents, who were prosecuted before a justice, and being thus removed from the occupancy the defendants got in. He then alleges that he afterwards, presumably as he had a right to do, took off the padlock, removed the barricades, put the defendants' stuff in the yard and resumed possession. He then states that the defendants were still threatening his possession and they declared they would destroy the dwelling if he occupied it and he believed this would be done unless they were restrained by injunction. The plaintiff then claimed damages for trespass and for the loss of the enjoyment of the property in the sum of $300. For this sum he demanded judgment and prayed an injunction to restrain them from interfering with the property and from making any threats or claim of possession, and that the injunction on final hearing might be made perpetual. After the injunction issued a default was taken. We pass over all these matters since the default was set aside, although the injunction was continued and the defendants came in with an answer. Thereby the defendants undertook to question the issuance of an execution on the original judgment, the proceedings thereunder, the execution of a deed by the sheriff under any authority for the purpose, and undertook to attack the decree entered in the suit which was begun by the Smiths against the sheriff and Schlink to set aside the levy and the sale. The defendants also undertook to deny the plaintiff's entry into the premises and the possession of the administrator thereunder, and they denied the allegations respecting the character of the removal of the property from the premises, and denied their threats to destroy the building, and denied any damage or any intent to persist in any unlawful conduct, and denied that the plaintiff or vendee would be affected in the use and enjoyment of the premises by reason of any conduct or threats on their part. We have not undertaken to state the answer in its entirety, and possibly not the substance of it, or possibly the legal effect of the whole. We shall dismiss from con-

sideration any discussion of the sufficiency of the denials of the various allegations whereby the plaintiff attempted to state a cause of action in damages for the alleged trespasses. The denials were not aptly made and it is very doubtful whether they were sufficiently made to raise an issue, being largely negatives pregnant and in such form as probably not legally to raise an issue as to a great many of these matters. We do not deem it material, however, to consider or discuss them, because as has already been suggested that part of the complaint which sought to recover for the trespass was eliminated on the plaintiff's own motion and sustained by the judgment of the court, and is therefore out of the case, and we are not called on to determine the sufficiency of the complaint in those particulars, nor the adequacy of the answer for the purpose of an issue.   Thus disposing of these criticisms of the answer, we may broadly state that these denials may be treated as out of the case.   As we regard the allegations of the complaint directed to this end, we are left with only one matter set up as a defense and this consists only of the allegations and denials with reference to the validity of the decree entered in the suit brought by the Smiths against Schlink.   In our decision we shall only discuss the answer in this aspect.

When the motion of the plaintiff to dismiss that part of his complaint sounding in damages was sustained, and we must not doubt the right of the plaintiff when he brings a suit to dismiss any part or all of it prior to the trial, it practically leaves for consideration only such part of the answer as consists of these allegations directed to the other portions of the complaint.   The demurrer to the answer in so far as it was responsive to that part of the complaint setting up the litigation in the suit of the *Smiths v. Schlink* and the decree therein which was all that was left in the complaint after the motion was allowed, was properly sustained.   We do not believe it lies with the Smiths at this time or at any time hereafter to question the validity of that decree or the character of the proceedings, or the suit which resulted in the

judgment, or the legality or sufficiency of the finding in any litigation which is now pending between the parties. We are likewise quite clear that there is no way known to the law by which the Smiths can now assail that decree. It is as between these parties res adjudicata. That suit was properly brought in a court of competent jurisdiction which had jurisdiction by service and appearance of the parties, and however erroneous that decree may have been, when once it was entered and remained unexcepted to, unassailed, and unattacked, it must always remain as between the Smiths and Schlink a final adjudication of the title to lot No. 29. It conclusively, whether legally or not if it had been properly assailed, settled Schlink's title to lot No. 29, and the Smiths cannot now or hereafter in any suit of which we can conceive, in any forum of which we know, or by any process of which we are advised, attack the legality and conclusiveness of that adjudication. We then assume for the purposes of this suit and of all others, that that decree is a final adjudication of the title to that particular part of the property, which by the lapse of time and the delivery of the deed conclusively and absolutely passed title to that piece of ground and the improvements thereon. It may appear to the appellants that the reversal does them little good and that they have reaped but a barren victory. This is true, but the record fairly and squarely presents the question and we believe it our right and duty to declare what we believe to be the law respecting this pivotal question in the controversy between the parties, and to this extent at least put an end to this vexatious and acrimonious litigation. We cannot quite commend counsel for the display of heat and rancor exhibited by their pleadings and briefs for we are quite of the opinion it is always possible to carry on a lawsuit to its conclusion, and in all of its steps and proceedings observe and exhibit the *suavitur in modo* which like a soft answer turneth away wrath, and equally with the *fortiter in re* protects a client's rights and interests. All figures and figments of the imagination with which the arguments are so thickly strewn will be unnoticed.

We are simply trying to get at the exact legal rights of these litigants, and we may be permitted to hope that when we have thus disposed of the principal contention on which the appellants base their claim, it will terminate the litigation.

Having completed our examination of the answer we can recur to the complaint and we shall attempt to demonstrate that it states no cause of action and that thereon the plaintiff was not entitled to the decree which he got. The case was very considerably argued at the bar as it is in the briefs as an action to quiet title. We believe it contains none of the elements of such an action. We are quite ready to concede a possession obtained by trespass will be sufficient to support such a suit since the supreme court has so declared, and we are quite willing likewise to admit that unless the defendants set up some claim of title or adverse interest, they cannot by a denial of the possession and title of the plaintiff raise an issue and force him to proof of his complaint in this particular. This is the law. Its admission, however, in no manner aids the plaintiff, because if the plaintiff would state a cause of action to quiet title he must set up in his pleading and by apt averment show that the defendant has or claims to have, or is asserting a title or claim adverse to him. We do not understand this title or adverse interest or claim is simply with reference to the possession, but it is one which results from an assertion of an interest in the property of some kind or description. It must be an assertion of an interest in or an assertion of a title to the property of a sort which gives a right to the possession. It must be in the legal sense the assertion of an adverse interest or estate in the property. As the supreme court put it, "the very essence of the enlarged statutory proceeding remains the same as it was in equity, viz ; to compel one asserting an adverse interest in the property to aver and try such asserted interest." *Wall v. Magnes*, 17 Colo. 476. The proceeding is totally unlike an action in ejectment. If the plaintiff does not aver that the defendant asserts an adverse estate or interest in the premises there is no basis for the action nor does it call for a defense,

nor can the defendant by denying the plaintiff's possession and title put him on proof. He must either assert an adverse interest in himself or he must disclaim any; if he asserts one, the plaintiff having theretofore on proper averment alleged that he claimed one, he may put the plaintiff on proof. If neither is done, the plaintiff neither states a cause of action nor does the defendant thereby put in issue the plaintiff's possession and title. Authorities could be multiplied in this direction, but the one found in the reports of our own state is enough.

Having dismissed his suit for trespass and damages, and the complaint as an action to quiet title being adjudged insufficient, there only remains to be considered the allegations found in the complaint whereon the plaintiff prosecutes his right to a permanent writ of injunction. Originally injunctions were never granted in cases of trespass except where there was an element of waste or a multiplicity of suits had been brought or threatened attacking the plaintiff's title. The absence of limitation to the number of actions in ejectment which might be brought at the common law undoubtedly led to the granting of writs of injunction in such cases. It is quite clear there is no such element in this case and that there were no suits over the possession other than the one whereby the plaintiff's title to lot No. 29 was conclusively adjudicated, and no possessory actions had been instituted to try the plaintiff's title or to question it. We may therefore dismiss this element of equity jurisdiction from consideration. It only leaves the question whether a suit of this sort or a writ of this description may be brought in aid of an action of trespass. We need not discuss the question whether in an action of trespass there may be joined with it, as is always the case in mining litigations, a prayer for an injunction *pendente lite* to preserve the property pending the ultimate determination of the action. This is no such suit because when the plaintiff dismissed his action of trespass there was no such action left to be aided by the temporary writ. There is thereby left only the question whether a bill in equity for

injunction purely to restrain the defendant from committing a trespass will lie.   Whether it can ever be maintained we do not determine.   We only decide that it cannot be maintained in a case like the present and under the allegations of this complaint.   In order to give a court of equity jurisdiction to issue its preliminary injunction and to proceed to a decree for a perpetual restraint, it is undoubtedly necessary that the complaint contain proper allegations and statement of facts showing the probability of irreparable injury.   In the absence of any allegation or proof tending to show such injury equity will not enjoin a naked trespass nor entertain a bill directed solely to that end.   The authorities supporting this proposition are multitudinous and so far as we are advised there are none to the contrary.   The whole subject and the various authorities are stated and may be found as conveniently collated as in any other place in the 10th American Encyclopædia of Law under the head of Injunctions, page 876.   The wrongs for which injunction may issue must be of a repeated and continuous character, and they must occasion damages which cannot be estimated save by conjecture and cannot be estimated by any accurate standard.   Judged by this rule the complaint contains nothing which will support what was formerly known as a bill in equity for an injunction.   When this announcement is made, it must be remembered, it is made in the light of what has already been stated, which if we have made ourselves understood, clearly demonstrates that the complaint was not a suit to quiet title; it was not an action in trespass, and the plaintiff was entitled on his pleading to no judgment for damages.   The complaint is thereby left to stand as a complaint for a preliminary and a perpetual injunction to restrain the defendant from committing trespass on property which the plaintiff owned.   This was a wrong clearly remediable at law.   It was not of that continued and repeated and vexatious character required, nor did the complaint show that if continued the plaintiff would sustain irreparable damage which could not be compensated in an action at law.   Manifestly so far as the entry on the premises

is looked at, and so far as the possession of the defendants however obtained, whether surreptitiously or otherwise, is regarded, the plaintiff has a remedy at law and could bring his action in ejectment, his action in trespass, or an action in forcible entry and detainer, and in some one of these numerous actions at law maintain and protect his rights. Since this is true we do not think the complaint stated a cause of action on which any proof could be made or on which any decree quieting title or granting a permanent injunction ought to be entered. We observe from the terms of the entry the court decreed the title quieted in the plaintiff. There were no allegations to that end; it is not an action to quiet title and no such decree ought to have been entered. It likewise gave a permanent injunction on a bill which did not state facts sufficient to warrant it.

We have thus as we think fully disposed of all the matters which have been presented to our attention and which the parties have any right to call on us to decide. So far as we can we have settled the question of title between the parties and simply permit the appellee to recover what if any damages he has sustained. We regret the necessity to leave this question open and we entertain the hope, though it may be ill founded, that when the defendants discover their inability to attack the title secured to the plaintiff by the decree in the suit of *Smith v. Schlink*, they may be willing to forego any further contest in the premises and prevent further litigation, and the parties may come together and adjust their various altercations.

For the reasons expressed the judgment of the court below is reversed.

*Reversed.*