[No. 5663.]

SMITH ET AL. v. SCHLINK, ADMINISTRATOR.

1. COURT OF APPEALS—*Judgment—Effect*—Where in a cause pending in the court of appeals the opinion declares what must be alleged, to warrant the award of an injunction to restrain a trespass to lands, and the plaintiff by subsequent amendment of his pleadings, sustained by the evidence at the second trial, brings himself within the rule so prescribed he is entitled to the injunction.

2. JUDGMENT—*Conclusive Effect*—Where, by a final decree in a court of competent jurisdiction, with the parties before it, and which decree is never vacated or modified, an execution sale of lands is approved, and it is directed that a deed shall issue unless redemption be made by a day certain, errors in the decree can not be urged as a ground to assert title to the premises, no redemption having been made, and the sheriff's deed having issued accordingly.

3. PLEADINGS—*Amendment*—Where judgment being reversed, the cause is remanded to the district court for further proceedings according to law, the latter court may allow such amendment of the pleadings as justice requires. S. C. 44 Colo. 200, followed.

*Error to Denver District Court.*—Hon. SAMUEL L. CARPENTER, Judge.

H. B. O'REILLY, for plaintiffs in error.

STUART & MURRAY, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The subject-matter of controversy is lot number twenty-nine, Case and Ebert's Addition to the City of Denver. The case has an extended history, as will be learned from the opinion in *Smith v. Schlink*, 15 Colo. App. 325; 62 Pac. 1046, where is given in detail a statement relative to the contention over the lot involved. From this statement it appears, that Schlink recovered a judgment against Smith, which was afterwards affirmed by the court of appeals, and that on this judgment an execution was sued out and levied on property which included the lot in question. In due course, a sheriff's deed issued. Later an action was commenced by Smith, the purpose of which was to set aside the execution sale. This action appears to have been based upon the ground, that the lots sold under the execution were homesteaded. The trial of this case resulted in a judgment to the effect, that the sale was invalid as to all of the lots except number twenty-nine and that a deed to this lot should not be delivered by the sheriff until a date specified, and if at any time prior to this date, Smith should pay a sum named, it should operate as a redemption from the sale of that lot, but in the event such payment was not made, then all the right, title and

interest of the judgment debtors should pass by the sheriff's deed, which he was then authorized to execute and deliver. This decree stood, and was never vacated, modified, or altered in any respect. The right of redemption given the judgment debtors was not exercised, and the sheriff's deed issued. From this statement it is apparent that whatever right or title the judgment debtors may have had to the lot in question, passed by the sheriff's deed. Whether or not the judgment and decree under and by virtue of which this result was brought about was erroneous is not a matter which can be inquired into. Those proceedings are no longer open to review. Notwithstanding this situation regarding the title, it appears, that the judgment debtors or their representative, insisted in asserting title to this lot, force being resorted to by both parties to maintain their alleged rights. Schlink, then brought an action to enjoin further trespass by the judgment debtors, and to recover damages for the trespasses committed by them. The trial of this case resulted in a judgment in favor of Schlink, enjoining the Smiths from further trespassing upon the premises. From this judgment the defendants appealed to the court of appeals, where the case was considered and the judgment of the district court reversed, in the case to which we have referred. It appears from the opinion, that it was with great reluctance that the judgment of the district court was disturbed, for the reason, it appeared the defendants in fact, were without any right, title, or interest in the premises, but notwithstanding this situation, the court held, that the plaintiff had not pleaded facts which entitled him to the equitable relief granted by the trial court. In closing the court of appeals said: ''So far as we can we have settled the question of title between the parties and simply permit the appellee to recover what if any damages he has sustained. We regret the necessity to leave this question

open and we entertain the hope, though it may be ill founded, that when the defendants discover their inability to attack the title secured to the plaintiff by the decree in the suit of Smith v. Schlink, they may be willing to forego any further contest in the premises and prevent further litigation, and the parties may come together and adjust their various altercations." In order to more definitely understand the reason which impelled the court of appeals to reverse the judgment, it should be stated that it was determined the action by Schlink was one in trespass, and that having dismissed his claim or damages, he could not maintain his suit for an injunction. The cause was remanded to the trial court without any definite instructions or mandate with respect to allowing amendments to the pleadings.

When the case reached the trial court the plaintiff obtained leave and filed an amendment to his complaint, restoring allegations heretofore withdrawn, and as supplemental thereto, alleged additional matter upon which he predicated an application for a preliminary injunction, which was granted. The defendant answered. On the trial of the issues thus made, the finding of facts were in favor of plaintiff, and a judgment entered, enjoining the defendants from further trespasses upon the lot involved, and from any and all attempts, direct or indirect, to claim the lot or take possession of it, and were likewise perpetually prohibited from claiming any right or title to any portion of the lot against the title of the plaintiff and his grantees. Thereafter, the defendants and their counsel were cited to show cause why they should not be punished for contempt, for a willful disobedience of the decree. This matter was tried and resulted in a judgment finding the respondents guilty of contempt, and a fine imposed upon each of them. This judgment was afterwards brought to this court for review, and is reported in the case of *Smith v. Schlink,* 44

Colo. 200; 99 Pac. 566. The main point presented by respondents, was to the effect that the trial court was without authority to allow the amendment to the pleadings of plaintiff, upon which the decree was predicated for the violation of which they had been adjudged guilty of contempt. Ruling on this question, this court held that under an order, remanding a cause to an inferior court, "for further proceedings according to law," the trial court may allow such amendment of the pleadings as justice requires, and that a judgment within the issues of a cause, of which the court has jurisdiction, however, irregular, is not void in such sense that disobedience of its mandate will not constitute contempt. The judgment in the contempt proceedings was affirmed. In closing the opinion, it was stated in substance, that steps had not been taken in any way to modify or set aside the decree, which was the basis of the contempt proceedings. Respondents filed a motion for a rehearing, grounded among others, upon the proposition that we were in error in holding that no steps had been taken to review the original judgment. In support of this, attention was directed to the fact that a writ of error had been sued out to the original judgment, and a transcript of the proceedings lodged in this court in connection with the record of the contempt proceedings. This application was denied. Thereafter, the defendants filed, what they have designated, an application for final disposition of the main cause on its merits.

From a reading of the briefs, filed prior to those filed in support of the motion for a rehearing, it fairly appears that the only question which the plaintiffs in error or respondents in the contempt proceedings, sought to have reviewed, related solely to the latter, and that whatever might have been said in the briefs with respect to the original judgment, was merely by way of argument to support the contention that the trial court was without jurisdiction to enter the decree upon which the contempt

proceedings were predicated. Such being the situation, this court was not mistaken in stating that steps had not been taken to review the original decree. In addition to this the fact that a motion for rehearing, based upon the ground that the court had made a mistake in this respect, was overruled, it might well be said, that the right of plaintiffs in error to have the original case considered on its merits is foreclosed. But waiving these questions, we shall proceed to consider the case upon its merits, in hopes, as expressed by the court of appeals, that our conclusion will end further litigation between the parties involving the title to the lot.

As previously stated the Schlink title appears to have originated with the sheriff's deed, by virtue of a decree of the district court, entered many years ago, which was never vacated or modified in any shape or form. Speaking of this decree, the court of appeals said: "We do not believe it lies with the Smiths at this time or any time hereafter to question the validity of that decree or the character of the proceedings, or the suit which resulted in the judgment, or the legality or sufficiency of the finding in any litigation which is now pending between the parties. We are likewise quite clear that there is no way known to the law by which the Smiths can now assail that decree. It is as between these parties *res adjudicata*. That suit was properly brought in a court of competent jurisdiction which had jurisdiction by service and appearance of the parties, and however erroneous that decree may have been, when once it was entered and remained unexcepted to, unassailed, and unattacked, it must always remain, as between the Smiths and Schlink a final adjudication of the title to lot No. 29. It conclusively, whether legally or not, if it had been properly assailed, settled Schlink's title to lot No. 29, and the Smiths cannot now or hereafter, in any suit of which we can conceive, in any form

of which we know, or by any process of which we are advised, attack the legality and conclusiveness of that adjudication.''

Such being the situation of the title to the property involved, the only question presented for consideration is, whether from the record before us, the plaintiff was entitled to the relief granted by the trial court. This record consists of the pleadings, orders, and judgments of the district court and the court of appeals, as the evidence upon which the decree was based was not preserved by a bill of exceptions, neither were exceptions necessary to preserve the rights of the defendants, preserved in this manner. So that in considering the question to be determined, two propositions are involved, (1), did the trial court have authority to permit the plaintiff to amend his complaint after the cause had been remanded by the court of appeals, and (2), if so, did the complaint, as amended state facts sufficient to entitle the plaintiff to the relief granted.

By the opinion in 44 Colorado, in the contempt proceedings it was determined that the trial court had this authority. The question is there fully discussed, and it is therefore, unnecessary to enter upon a discussion of it here.

The court of appeals, in the case of Smith v. Schlink held, that in an action to restrain the commission of a trespass upon property, the complaint must allege facts showing the probability of irreparable injury, and that the wrongs complained of must be of repeated and continuous character and must occasion damage which cannot be ascertained by any accurate standard, and cannot be remedied in an action at law. Without going into details we think the complaint as amended, after the cause was remanded to the district court states a case, bringing it within the rule announced by the court of appeals, by which to determine whether in an action for

trespass to real property the plaintiff may be entitled to an injunction to restrain trespasses. Such being our conclusion, it follows that the plaintiff was entitled to the injunctive relief which the trial court granted.

In conclusion, we might add, that the efforts of the defendants to question the title of plaintiff to the property involved seems to be based principally, if not wholly, upon an attempt to attack the title obtained by a sheriff's deed under a judgment which was never appealed from, and which has not been modified in any manner, rendered in a case wherein the court was vested with jurisdiction of the parties and the subject-matter of controversy. It is clear that this course cannot avail them anything; that they are precluded from questioning that title, and that it was eminently proper for the trial court to enjoin them from further trespassing upon the rights of plaintiff under the facts narrated in his amended complaint.

*The Judgment of the District Court is Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE HILL concur.

Decided May 4, A. D. 1908. Rehearing denied Nov. 3, A. D. 1913.