## No. 11,653.

### MORRIS, ADMINISTRATRIX v. CHENEY.

Decided April 25, 1927. Rehearing denied May 16, 1927.

Action in injunction. Judgment for plaintiff.

*Reversed.*

1. MORTGAGE—*Quitclaim Deed.* If a quitclaim deed is given and intended as security for a debt, it is in law a mortgage.

2. DEED—*Quitclaim—Mortgage.* A quitclaim deed, taken in connection with a contemporaneous written agreement concerning possession of the property, held to constitute security for a debt, and therefore a mortgage.

3. MORTGAGE—*Foreclosure—Possession.* The mortgagee of property has no right to possession of the mortgaged premises as against the mortgagor until after foreclosure and sale, and expiration of the period of redemption.

4. INJUNCTION—*Trespass.* The general rule is that equity will not afford relief for a mere naked trespass upon lands, and in no event will it do so unless irreparable damage would otherwise result.

*Error to the District Court of Saguache County, Hon.
J. C. Wiley, Judge.*

Mr. George M. Corlett, for plaintiff in error.

Mr. James P. Veerkamp, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The prayer of the complaint in this action by Mrs. Cheney is for a writ of injunction, which was granted, restraining the defendant Morris from entering upon her premises, farming lands, in possession of her tenant, and from interfering with the tenant's possession in his farming operations. There was a prayer also for damages and other appropriate relief, but the principal object of the action is to obtain a permanent injunction, and that, with the accompanying costs, was the only judgment rendered. Other relief, even had it been granted, would be merely incidental to the granting of the injunction.

The complaint charges generally that the plaintiff is the legal owner of the farming lands and is entitled to, and was in, possession thereof, or part of the same; that defendant without right or authority and while the tenant was so in possession, wrongfully entered upon the premises and attempted to take possession thereof, and to seed and farm the same himself for the year in question, and is still so in possession and threatens to continue therein, and, unless restrained by the court, will continue and attempt to farm the same and prevent plaintiff's tenant from doing so, and thus deprive her of the rentals and a share of the crop under the leasing contract, to her great and irreparable injury. After the defendant's demurrer for insufficiency of facts was overruled, he answered

denying generally the allegations of the complaint, and as an affirmative defense, which the replication traversed, pleaded facts which, if true, in law made the relation of the parties as to this land that of mortgagor and mortgagee. In other words, while the legal title, by a quitclaim deed from defendant, to the land was in the plaintiff, the quitclaim deed was intended to be, and was in fact and law, a mortgage to secure the payment of the balance due on the purchase price of the lands which the defendant had bought of her.

If the transaction between the parties was intended as security for a debt, it was in law a mortgage. Before and after the quitclaim deed was executed, the plaintiff was in possession of the premises. At the same time the quitclaim deed was executed the parties, as a part of the same transaction, entered into a written agreement which expressly recognizes that the defendant at the time was in possession of the property and might remain in possession during the lifetime of the agreement, provided he made certain payments on the purchase price. That the quitclaim deed, taken in connection with this contemporaneous written agreement, constituted a security for payment of a debt and, therefore, a mortgage, we have no doubt whatever. That being so, even if the plaintiff at the time of the beginning of the suit, through her tenant, was in possession of the premises or any part thereof, she was wrongfully in possession. Being a mortgagee, even though the mortgagor was in default, she had no right to the possession of the premises until after foreclosure and sale. She had only the rights of a mortgagee and not until after the expiration of the period of redemption following a foreclosure suit and sale, was she entitled as against the mortgagor to possession of the premises. Code of Civil Procedure, section 281; *Moncrieff v. Hare,* 38 Colo. 221, 226, 87 Pac. 1082, 7 L. R. A. (N. S.) 1001. The trial court granted the writ because it was of the opinion that the question

of title was not in the case. That this is a misconception has already been shown.

For the reasons already given the judgment must be reversed. It is argued that, even if the transaction in question was an absolute sale, plaintiff was not entitled to the equitable relief which she sought. The general rule is that equity will not afford relief for a mere naked trespass upon lands; in no event unless irreparable damage would otherwise result. Our Court of Appeals in *Smith v. Schlink,* 15 Colo. App. 325, 62 Pac. 1044, 1047, at page 335, held that an injunction to restrain the defendant from committing a trespass upon real estate will not be granted in the absence of averment and proof of continued and repeated acts of vexatious character and conduct, and that irreparable damage will follow which cannot be compensated in an action at law. This case was thereafter before this court under the same title and reported in 44 Colo. 200, 99 Pac. 566 and in 55 Colo. 531, 136 Pac. 1008. In the last case at page 537, we said that by an amendment to the complaint, as considered by the Court of Appeals, after the case was remanded to the district court, a case was made which brought it within the rule announced by the Court of Appeals. We do not put our decision here upon the ground that the equitable power of the district court was not properly invoked, because it is entirely clear that the decree awarding a perpetual injunction was wrong upon any theory of the case since the plaintiff was not entitled to possession. We thus refer to this assignment lest, if we were silent about it, it might be taken as an indication that we thought the complaint on its face made a case for equitable relief.

Judgment reversed with instructions to dismiss the action.